UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBERT AMBROSE, SCOTT BARNES, RICHARD CHAPMAN, RYAN CIRIGNANO, CHRIS FAUSSETT, MILAN GRUJIC, DAVID KELLER, JOHN KOBEL, DANIEL LAWSON, STEPHEN LUTSK, LORI MAGALLANES, NOAM MEIER, ERIC OSTRANDER, ROBERT OVERTURF, and MIKE WORONKO, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GENERAL MOTORS LLC,<br><br>        Defendant. | Case No.: 4:19-cv-13449<br><br>Hon. Stephanie Dawkins Davis |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Counsel for Plaintiffs in the above-referenced matter write to inform the Court of a recent ruling in the Eastern District of Michigan regarding General Motors LLC's ("GM's") motion to dismiss in *Bossart, et. al. v. General Motors LLC*, No. 2:20-cv-11057-BAF-DRG (E.D. Mich.), which involves multistate allegations regarding defective wheels (the "Wheel Defect"). The opinion is attached hereto as Exhibit A.

On May 19, 2021, the Honorable Bernard A. Friedman granted in part and denied in part GM's motion to dismiss plaintiffs' Amended Complaint in *Bossart*. Many of the issues considered and ruled upon by Judge Friedman in *Bossart* are also at issue in GM's pending motion to dismiss.

First, as it relates to express warranty claims, the Court in *Bossart* held that "plaintiffs' claims should not be dismissed for failure to seek repairs within the NVLW's time and milage limits," in part, because of plaintiffs' unconscionability argument. Ex. A at 9-11. The *Bossart* Court concluded that it was premature to dismiss a plaintiff's claim on this basis at the motion to dismiss stage because "the circumstances surrounding the parties' contract formation, particularly defendant's pre-sale knowledge of the wheel defect, if any, must be fleshed out before the Court can assess the merits of plaintiffs unconscionability argument…" *Id*. At 11. Plaintiffs have made a similar argument in this case. ECF No. 32, PageID.1560-1562. The *Bossart* Court also rejected GM's argument that plaintiffs failed to comply with the NVLW's notice, presentment, and coverage requirements, in part, because "each named plaintiff allegedly brought the wheel defect to the attention of a GM dealer and was denied warranty coverage." Ex. A at 11. Plaintiffs have made a similar argument in this case. ECF No. 32, PageID.1560, n. 14.

Second, the Court in *Bossart* rejected GM's argument that plaintiffs' implied warranty claims should be dismissed because they had failed to allege a persistent

defect that rendered the vehicles unmerchantable. Ex. A at 12-13. The *Bossart* Court held that the Wheel Defect made the Class Vehicles unmerchantable because it rendered them unsafe, unfit for their ordinary purpose, and below average expectations and quality. *Id*. at 13. Plaintiffs have made a similar argument here. ECF No. 32, PageID.1562-1565.

Third, the *Bossart* Court held that the Florida, Illinois, and New York plaintiffs' implied warranty claims should not be dismissed for lack of privity because they fell within an exception to the privity requirement, such as the third-party beneficiary exception.[1]  Ex. A at 13-15. Plaintiffs have made a similar argument here. ECF No. 32, PageID.1570-1571.

Fourth, in regard to Plaintiffs' fraud-based claims, the *Bossart* Opinion is instructive for several reasons. As it relates to plaintiffs' allegations of pre-sale knowledge, the *Bossart* Court held that plaintiffs had satisfied Rule 9 through "the number and nature of the consumer complaints catalogued by plaintiffs, combined with the general allegations regarding GM's testing and data gathering processes." Ex. A at 21. In this case, Plaintiffs allege GM's pre-sale knowledge through customer complaints, internal testing data, a recall for the same defect in earlier models of the same vehicle, previous recalls for millions of other vehicles for similar

---

[1] The *Bossart* Court also rejected GM's privity arguments as they related to plaintiffs from Michigan and Ohio, but those states are not currently at issue in this case.

electric power steering parts just prior to the introduction of the Class Vehicles, and a plethora of orders for replacement parts. ECF No. 32, PageID.1546-1549. As it related to GM's consumer protection statute specific challenges, the *Bossart* Court held that plaintiffs' claims would not be dismissed because plaintiffs included "short and plain statements as to their reliance on defendant's misrepresentations or omissions, the causal relationship between this reliance and their injury, and the propriety of the claims raised." Ex. A at 21. Plaintiffs have done the same here. ECF No. 32, PageID.1543-1546. Additionally, the *Bossart* Court held that "issues such as reliance, causation, and compliance with limitations periods are inherently fact-specific and do not lend themselves to resolution on a motion to dismiss." Ex. A at 22.

Dated: June 28, 2021    Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
William Kalas (P82113)
**THE MILLER LAW FIRM, P.C.**
950 West University, Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com
wk@millerlawpc.com

Nicholas A. Migliaccio

4

(E.D. Michigan Bar No. 29077)
Jason S. Rathod
(E.D. Michigan Bar No. 18424)
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Daniel E. Gustafson
Daniel C. Hedlund
David A. Goodwin
Mickey L. Stevens
**GUSTAFSON GLUEK PLLC**
220 South Sixth Street #2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mstevens@gustafsongluek.com

*Attorneys for Plaintiffs and the Putative Class*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com